*E-Filed 8/4/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MICHAEL ANTHONY YBARRA,

    Petitioner,

    v.

GARY SWARTHOUT, Warden,

    Respondent.

                                    /

No. C 09-5852 RS (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is DENIED.

## BACKGROUND

In 2006, in the Santa Clara Superior Court, petitioner pleaded *nolo contendere* to charges of second degree burglary, petty theft with a prior, and resisting a police officer. In 2007, the superior court sentenced petitioner to twenty-five years to life based on the instant and prior convictions. Petitioner was denied relief on direct state review. It does not appear that petitioner sought state collateral review.

As grounds for federal habeas relief, petitioner alleges that the trial court improperly induced petitioner to plead guilty in violation of his right to due process.

## STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.

## DISCUSSION

Petitioner claims that the superior court improperly induced him to enter a plea of *nolo contendere* when it promised to issue a favorable *Romero*[1] sentencing ruling on the use of prior convictions. The state appellate court rejected this claim based on its reading of the plea colloquy. The relevant portions of that colloquy are:

> COURT: Now, you understand, I will be frank with you, I have indicated that in the court's opinion it would be inclined to grant a *Romero* motion, but I am not promising that I will grant a *Romero* motion. We're going to have a full process here which is required by law.
>
> That means that first you will be interviewed by the probation department. They will talk to you about the offense itself, about your family circumstances, about your life history, and any other involved or interested parties.
>
> They'll then make a sentencing recommendation. Your attorney then will be making a formal motion to the court to exercise its discretion and then we go through another process where he writes a motion pointing out all the basically mitigating factors that would argue toward the court's use of its discretion.
>
> The D.A. would be filing a counter proposal, stating all the reasons why the D.A. does not feel that the court should exercise its discretion, and it would be up to me to use the legal principles laid down by the Supreme Court and try to apply them to the facts of this case to determine if it is proper to exercise discretion of this type in this particular case, so it is kind of an involved process with no promises absolute.
>
> Do you understand that?
>
> [PETITIONER]: Yes, sir.
>
> . . . .
>
> COURT: Has anybody made any other promises to you about the outcome of this case other than the court's promise that it will objectively consider your motion to strike the strike priors under *Romero* and sentence accordingly?

---

[1] Under *Romero*, a California state sentencing court may strike a prior felony conviction allegation "in furtherance of justice," an "amorphous concept" requiring the trial court to consider both "the rights of the defendant and the interests of society as represented by the People." *See People v Romero*, 13 Cal. 4th at 507, 530 (Cal. 1996). The determination as to whether to strike a sentencing allegation "in furtherance of justice" is dependent on the unique combination of facts presented by each individual case. *See id.* at 531 (noting appropriate considerations include defendant's background, nature of present offenses, and "other individualized considerations") (internal quotation and citation omitted)). Further, because "the Legislature has provided no statutory definition of this expression," a trial court, in determining whether to strike a sentencing allegation, enjoys "broad," albeit "not absolute," discretion. *See id.*

> [PETITIONER]: Was there any under the table promises, in other words? No, there was not.

(Ans., Ex. B, Vol. 1 at 4–5, 6.) The trial court denied the *Romero* motion and sentenced petitioner to a term of 25 years to life. (*Id.*, Ex. F at 4.)

Due process requires that a guilty plea be both knowing and voluntary. *See Boykin v. Alabama*, 395 U.S. 238, 242–43 (1969). A guilty plea induced by promises or threats which deprive it of the character of a voluntary act is void. *See Machibroda v. United States*, 368 U.S. 487, 493 (1962).

Petitioner's claim is without merit. First, petitioner's assertions at his plea hearing contradict his allegations that his plea was other than knowing and voluntary. The record shows that petitioner understood the specific charges he was admitting and that he was properly advised by the trial court that "he will face a maximum possible sentence by [the court's] calculation of 28 years to life in prison." (Ans., Ex. B, Vol. 1 at 3.) Petitioner did in fact receive a slightly lesser sentence of 25 years to life. Also, petitioner stated under oath that his decision to enter a plea was the result of sufficiently long discussions with his trial counsel about the nature, elements of, defenses to, and the consequences of pleading to, the charges. (*Id.* at 5.) When asked whether he understood the specifics of the charges and whether he understood that he was waiving his trial rights, petitioner clearly answered in the affirmative. (*Id.* at 7–9.) Such assertions at the plea hearing carry great significance:

> [T]he representations of the defendant, his lawyer, and the prosecutor at [ ] a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977) (citations omitted). Second, the superior court made no improper inducements, but merely said that it was preliminarily inclined to grant such a motion. Petitioner was not promised any benefit or reward in exchange for waiving his rights and pleading to the charges, nor did the court engage in any negotiations

with petitioner to secure a plea. Furthermore, any confusion caused by the superior court's statement was cured by the court's subsequent and correct advisements. Though the trial court stated that it was "inclined to grant a *Romero* motion," it was "not promising that [it] will grant" it. (*Id.* at 4.) It would exercise its discretion under *Romero* "if it is proper . . . in this particular case," but warned petitioner that there were "no promises absolute." (*Id.* at 5.) As the record is bare of any evidence that petitioner's plea was anything other than knowing and voluntary, petitioner's claim is DENIED.

## CONCLUSION

The state court's adjudication of the claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals.

The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

DATED: August 4, 2010

RICHARD SEEBORG
United States District Judge